IN THE SUPREME COURT OF NORTH CAROLINA

No. 35PA21-2

Filed 28 June 2024

IN THE MATTER OF A.J.L.H., C.A.L.W., M.J.L.H.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 289 N.C. App. 644 (2023), vacating the dispositional portions of the adjudication and disposition order entered on 13 December 2019 by Judge Tonia A. Cutchin in District Court, Guilford County. On 1 September 2023, the Supreme Court allowed petitioner and guardian ad litem's amended joint petition for discretionary review. Heard in the Supreme Court on 17 April 2024.

*Mercedes O. Chut for petitioner-appellant Guilford County Department of Health and Human Services.*

*Matthew D. Wunsche for petitioner-appellant Guardian ad Litem.*

*Wendy C. Sotolongo, Parent Defender, by J. Lee Gilliam, Assistant Parent Defender, for respondent-appellee mother.*

BARRINGER, Justice.

The issue before this Court is whether the Court of Appeals correctly determined that the trial court erred in denying visitation to respondent-mother. "The assessment of the juvenile's best interests concerning visitation is left to the sound discretion of the trial court and 'appellate courts review the trial court's assessment of a juvenile's best interests solely for an abuse of discretion.' " *In re*

*A.J.L.H.*, 384 N.C. 45, 57 (2023).

It is difficult to overstate the Court of Appeals' multitude of errors in this case. The Court of Appeals ignored decades of precedent, cited authority which provides no support for its position, and disregarded our explicit directions in our previous opinion in this case, *In re A.J.L.H.*, 384 N.C. 45 (2023). For the following reasons, we reverse the Court of Appeals and remand this case directly to the trial court for any further proceedings.

## I. Background

The underlying facts in this case are fully set out in a prior opinion of this Court, *In re A.J.L.H.*, 384 N.C. 45 (2023). For ease of reading, we briefly review the relevant facts. Respondent-mother and the father[1] of Anna were the subjects of an investigation by the Guilford County Department of Health and Human Services (DHHS) for maintaining an injurious environment and for neglecting Anna, Chris, and Margaret[2] by using improper discipline. *Id.* at 48–50.

Respondents admitted that they forced Margaret to stand in a corner for many hours at a time; whipped her with a belt, leaving bruises and marks on her neck and back; and made her sleep on a bare floor. Respondents claimed their actions were appropriate disciplinary measures due to Margaret's misbehavior. Respondents also informed social workers that they would continue to use that type of discipline until

---

[1] Anna's father is not a party to this appeal.
[2] A pseudonym is used to protect the identities of the juveniles and for ease of reading.

Margaret's behavior improved. *Id.* The trial court adjudicated Margaret abused and neglected, Anna as neglected, and Chris as neglected.

Immediately after the adjudication hearing, the trial court held a disposition hearing. The trial court received a court summary prepared by DHHS, a letter prepared by Margaret, and heard testimony from the current and previous foster care social workers.

Even though all three children entered nonsecure DHHS custody in August 2019, respondent-mother had not entered a case plan with DHHS for reunification with any of her children by the time of the November 2019 disposition order. Respondent-mother's case plan focused on improving her parenting skills, such as completing the PATE parenting education program and implementing the skills learned with her own children; completing and implementing recommendations made during a psychological evaluation; attending visits with her children once the trial court approved a schedule; "participat[ing] in shared parenting once per week via email"; completing substance abuse and mental health assessments; completing an anger management class; voluntarily agreeing to child support; actively seeking employment; and maintaining contact with her social worker.

DHHS requested that respondent-mother complete her parenting psychological and mental health assessment prior to DHHS making a recommendation regarding visitation between Margaret and respondent-mother. DHHS also requested that Margaret's "therapist have input regarding visits before a

decision is made regarding visits and that if [Margaret] does not want to attend visits that her request[ ] be honored." Margaret wrote a letter to the trial court stating that she did not want to visit respondent-mother.

Respondents[3] appealed the decision of the trial court which adjudicated Margaret as an abused and neglected juvenile. The Court of Appeals reversed the order entered by the trial court, stating that "the trial court improperly admitted some hearsay evidence." *In re A.J.L.H.*, 384 N.C. at 47. The Court of Appeals held that the trial court's reasoning was so " 'heavily reliant and intertwined with' the hearsay evidence that the proper remedy was to vacate the trial court's order and remand for a new hearing with respect to Margaret." *Id.* "The Court of Appeals also ordered the trial court to dismiss the petitions directed at Margaret's younger siblings." *Id.* "Finally, the Court of Appeals instructed the trial court that, if it once again adjudicated Margaret as abused or neglected, the trial court must 'order generous and increasing visitation between Margaret and her mother.' " *Id.*

This Court allowed "discretionary review to reaffirm the proper role of an appellate court in reviewing a trial court's adjudication and disposition in a juvenile proceeding." *Id.* at 48. This Court determined that the trial court's order contained "sufficient findings, supported by clear, cogent, and convincing evidence, to support" the trial court's adjudications of the minor children. *Id.* The Court of Appeals decision

---

[3] Respondent-mother and respondent-fathers previously appealed the trial court's decision. However, the only respondent currently before this Court is respondent-mother.

was reversed and remanded "for that court to properly address respondents' arguments concerning the disposition order." *Id.*

On remand to the Court of Appeals, the court reversed "the orders of the trial court regarding visitation and remand[ed] for further findings of facts and conclusions of law." *In re A.J.L.H.*, 289 N.C. App. 644, 645 (2023).

The Court of Appeals reviewed whether the trial court abused its discretion with respect to not allowing visitation between respondents and their children. *Id.* at 649. Respondents argued that the trial court abused its discretion when: "(1) it prohibited any visitation between [r]espondent parents and their three children; and, (2) it concluded DHHS had made reasonable efforts to avoid taking custody of the children." *Id.* Respondents also asserted that "it was not reasonable for DHHS to seek custody of these children because of the parents' refusal to agree with the blanket accusation DHHS leveled against them." *Id.* Respondents also argued "the trial court abused its discretion and erred by failing to consider and make the required factors [sic] and determinations to support any finding it was in the children's best interests to deny visitation." *Id.*

The Court of Appeals held that, in previous cases in which it had denied visitation, it has required the trial court to find factors such as: (1) whether the parent denied visitation has a long history with Child Protective Services (CPS); (2) whether the issues which led to the removal of the current child are related to previous issues which led to the removal of another child; (3) whether a parent minimally

participated, or failed to participate, in their case plan; (4) whether the parent failed to consistently utilize current visitation; and, (5) whether the parent relinquished their parental rights. *Id.* at 650 (citing *In re J.L.*, 264 N.C. App. 408, 422 (2019)).

The Court of Appeals further stated that the trial court was "constitutionally and statutorily required to assess whether and to the extent visitation should be awarded to four different parents for each of their respective children." *Id.* The trial court considered, but denied, visitation between respondent-mother and the three children and between Anna and her father; the trial court considered and allowed visitation between Chris and his father. When the DHHS attorney asked the trial court about visitation for Margaret's father, the trial court responded with "[n]o visits." *Id.* at 651.

The Court of Appeals determined:

> The trial court failed to make specific determinations for each parent regarding unfitness or conduct inconsistent with their parental rights and, only after then, to determine whether parental visitation was in the best interests of each of their children. This absence demonstrates the trial court failed to make the required findings and conclusions and prejudicially erred in disposition. These failures: [sic] render the order manifestly unsupported by reason, demonstrate the conclusions of law were unsupported, lack legal validity, and constitutes an abuse of discretion.

*Id.* at 652.

The Court of Appeals held that the trial court "failed to make required and specific determinations of fact to demonstrate the trial court made supported

conclusions of law. Upon remand, the trial court is to make the required findings of fact and conclusions of law concerning visitation, family placement, and parental involvement in medical treatment in the best interests of *each child for each respective parent of each child." Id.*

Petitioners filed a petition for discretionary review of the Court of Appeals' opinion. In their amended petition for discretionary review,[4] petitioners brought forth the following issues: (1) the Court of Appeals' published opinion misstated that clear, cogent, and convincing evidence was the dispositional standard of proof, which is contrary to this Court's well-settled caselaw; (2) the Court of Appeals took on the role of fact-finder and acted inconsistently with this Court's mandate when it reweighed the evidence and considered only the "properly admitted" evidence; and (3) the Court of Appeals' published opinion erroneously required the trial court to find that the parents had acted inconsistently with their constitutionally protected rights to order no visitation.

## II. Standard of Review

> [Appellate courts] review the trial court's dispositional findings of fact to determine whether they are supported by competent evidence. The trial court's assessment of a juvenile's best interests at the dispositional stage is reviewed solely for abuse of discretion. An abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.

---

[4] Petitioners amended the petition for discretionary review to clarify that they are seeking review only as it relates to Margaret.

*In re T.A.M.*, 378 N.C. 64, 76 (2021) (extraneity excluded); *accord In re A.J.L.H.*, 384 N.C. at 57.

We have repeatedly used this standard of review when reviewing a trial court's disposition order, as has the Court of Appeals. *In re M.S.E.*, 378 N.C. 40, 60 (2021); *In re K.N.K.*, 374 N.C. 50, 57 (2020); *In re A.J.A-D.*, No. COA19-270, slip op. at 11 (Feb. 4, 2020) (unpublished) (Dietz, J., with Stroud and Hampson, J.J.) ("However, when making its best interests determination, the trial court need only make dispositional findings that are 'supported by competent evidence.' By employing the heightened 'clear, cogent and convincing standard of proof in making its dispositional findings, the trial court misapplied the relevant evidentiary standard.' " (extraneity excluded)).

However, in the present case, the Court of Appeals deviated from this standard. The Court of Appeals stated instead that, "Dispositional findings must be based upon properly admitted and clear cogent and convincing evidence." *In re A.J.L.H.*, 289 N.C. App. at 650 (citing *In re B.C.T.*, 265 N.C. App. 176, 185 (2019)). Not only is this the incorrect standard of review, but *In re B.C.T.*—the very case that the Court of Appeals cited for support—does not support the Court of Appeals' assertion. Moreover, N.C.G.S. § 7B-901(a) states, "The [trial] court may consider any evidence, including hearsay evidence . . . including testimony or evidence from any person who is not a party, that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition." N.C.G.S

§ 7B-901(a) (2023). Accordingly, the Court of Appeals erred.

### III.     Analysis

Petitioners advanced several arguments as to why the Court of Appeals erred: (1) the Court of Appeals utilized the wrong standard of review when it analyzed the trial court's evidentiary rulings; (2) the Court of Appeals erroneously required the trial court to find that the parents acted inconsistently with their constitutionally protected status to order no visitation; (3) the Court of Appeals erroneously abrogated N.C.G.S. § 7B-905.1 and created a novel constitutional rights analysis; (4) the Court of Appeals erroneously determined that there was not sufficient evidence to support the trial court's findings of fact; and (5) the Court of Appeals erred by holding that errors in findings of fact relating to other, non-appealing parties requires reversal of the trial court. We agree with all of petitioners' arguments. Accordingly, we reverse the Court of Appeals and remand this case directly to the trial court.

The Court of Appeals held, "The trial court failed to make specific determinations for each parent regarding unfitness or conduct inconsistent with their parental rights and, only after then, to determine whether parental visitation was in the best interests of each of their children." *In re A.J.L.H.*, 289 N.C. App. at 652. In doing so, the Court of Appeals established a novel two-step analysis for visitation. First, the Court of Appeals would require the trial court to enter findings of fact on each parent's fitness to parent or "conduct inconsistent with their parental rights." *Id.* Only after making this determination could a trial court analyze a child's best

interests, according to the Court of Appeals' opinion.

Yet, the Juvenile Code provides: "An order that removes custody of a juvenile from a parent, guardian, or custodian or that continues the juvenile's placement outside the home shall provide for visitation that is in the *best interests of the juvenile* consistent with the juvenile's health and safety, including *no visitation.*" N.C.G.S. § 7B-905.1(a) (2023) (emphasis added). Notably absent from the statute is any requirement that the trial court make findings on a parent's fitness to parent. It appears that the Court of Appeals drew this requirement from how this Court reviews a parent's constitutionally protected status as a parent. *See Price v. Howard*, 346 N.C. 68, 79 (1997). This was error.

In our first opinion in this case, we specifically stated, "Here, respondents did not assert a constitutional challenge on this basis in the trial court and did not raise the issue in their appellate briefing at the Court of Appeals. Accordingly, on remand, the Court of Appeals should not address this constitutional issue." *In re A.J.L.H.*, 384 N.C. at 57, n.2. Not only did we direct the Court of Appeals to avoid this issue in our last opinion, it was not preserved at the trial court. In other words—the Court of Appeals erred when it sua sponte raised a constitutional issue. It merely compounded its error when it continued to discuss this non-preserved issue in the face of a direct statement from this Court directing the Court of Appeals to "not address [the] constitutional issue." *Id.* Not only did the Court of Appeals choose to address the non-preserved issue in spite of our opinion, it did so without any briefing or argument

from the parties.

The Court of Appeals should have focused its review on whether the trial court abused its discretion instead of performing a pseudo-constitutional analysis on the respondents' parental rights. As we already stated in our previous opinion:

> The assessment of the juvenile's best interests concerning visitation is left to the sound discretion of the trial court and "appellate courts review the trial court's assessment of a juvenile's best interests solely for an abuse of discretion." *In re K.N.L.P.*, 380 N.C. 756, 759 (2022). "Under this standard, we defer to the trial court's decision unless it is manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Id.* Moreover, even in the rare cases in which we determine that a trial court acted arbitrarily and unreasonably, the remedy is to vacate the disposition order but to "express no opinion as to the ultimate result of the best interests determination on remand, as that decision must be made by the trial court." *In re R.D.*, 376 N.C. 244, 264 (2020).

*In re A.J.L.H.*, 384 N.C. at 57.

We now turn to the trial court's dispositional order and apply the correct standard of review.[5] The trial court's order contained several unchallenged findings of fact demonstrating that it did not abuse its discretion in denying visitation. Unchallenged findings of fact are binding on appeal. *In re J.M.*, 384 N.C. 584, 591 (2023). Furthermore, a trial court's "decisions as to the weight and credibility of the evidence, and the inferences drawn from the evidence, are not subject to appellate review." *Id.* (extraneity excluded).

---

[5] We have already affirmed the trial court's adjudication order. *In re A.J.L.H.*, 384 N.C. 45, 57 (2023).

The following unchallenged facts were found by the trial court. Respondent-mother "has extensive Child Protective Services (CPS) history" involving inappropriate discipline of Margaret and an older sibling. In May of 2017, respondent admitted using corporal punishment that left "marks" on Margaret's arms. In May of 2010, Guilford County CPS substantiated a report of abuse by respondent-mother's boyfriend on then four-month-old Margaret, who "presented to the Emergency Room with bruises on her forehead, both cheeks, and a scratch under her chin." In April of 2013, respondent-mother's boyfriend took Margaret to a babysitter and respondent-mother did not pick her up for several days. Respondent-mother failed to admit or understand that her discipline of Margaret was inappropriate and subjected Margaret to trauma. Respondent-mother defended the use of such punishment.

Furthermore, Margaret wrote a letter to the trial court saying:

> I don't want to visit my mom because I don't want to be hurt. I like it with grandma . . . because she treat[s] me great. I like where my sisters are. It wasn't only my mom who whooped me it was [Anna's father] to[o]. [Anna's father] gave me scabs when he was whooping me. Only once my mom tried to choke me.

Although this letter was challenged on hearsay grounds, N.C.G.S § 7B-901(a) specifically allows hearsay evidence to be considered in disposition hearings.

As explained above,

> The assessment of the juvenile's best interests concerning visitation is left to the sound discretion of the trial court and "appellate courts review the trial court's assessment of a juvenile's best interests solely for an abuse of discretion." *In re K.N.L.P.*, 380 N.C. 756, 759 (2022). "Under this

> standard, we defer to the trial court's decision unless it is
> manifestly unsupported by reason or one so arbitrary that
> it could not have been the result of a reasoned decision." *Id.*

*In re A.J.L.H.*, 384 N.C. at 57. Upon reviewing the facts of this case, it cannot be said that the trial court's order was "manifestly unsupported by reason" or was "so arbitrary that it could not have been the result of a reasoned decision." *Id.*

The Court of Appeals also held that, the "trial court failed to find and make conclusions of law addressing the factors applicable to visitation for *each child with each parent.*" *In re A.J.L.H.*, 289 N.C. App. at 651. Further, "[t]he trial court made no findings or conclusions regarding why only one parent, Chris's biological father, was entitled to supervised visitation with his child, but the other three biological parents were denied any and all visitation, placement with children's family or relatives, or presence and participation in their medical care." *Id.* Notably, Chris's biological father and Margaret's biological father did not appeal the trial court's decision. As DHHS aptly notes, "[t]here is no precedent which allows the Court of Appeals to assert an appeal on behalf of a non-appealing party." Moreover, even if they had appealed, no statutory provision or caselaw requires a trial court make findings differentiating between the parties.

## IV. Conclusion

The first time this case was before this Court, we remanded to the Court of Appeals. On remand, the Court of Appeals made numerous and significant errors. First, the Court of Appeals erred when it stated that the dispositional findings must

be based upon properly admitted and clear, cogent, and convincing evidence. Second, the Court of Appeals erred when it stated it can only review "properly admitted evidence" in disposition hearings. Third, the Court of Appeals erred when it required the trial court to make specific findings for each parent regarding unfitness or conduct inconsistent with their parental rights. Fourth, the Court of Appeals erred when it addressed, sua sponte, the constitutional rights of respondents. Fifth, the Court of Appeals erred when it determined there was insufficient evidence to support the trial court's order denying visitation. Sixth, finally, the Court of Appeals erred when it held the trial court was required to differentiate between respondents when no such requirement exists by statute or caselaw. Accordingly, we reverse the Court of Appeals' opinion.

REVERSED.